BOYCE F. MARTIN, Jr., Circuit Judge.
 

 White Motor Credit Corporation appeals a decision of the Bankruptcy Court of Western Michigan determining that White’s security interest in a truck tractor was not perfected under Michigan law. The bankrupt, a Michigan resident, obtained an Ohio Certificate of Title. The Bankruptcy Court found that the vehicle should have been titled in Michigan and held that the Ohio title was fraudulent and invalid. The District Court affirmed. Because of this court’s recent decision in
 
 In re Paige,
 
 679 F.2d 601 (6th Cir. 1982), we reverse.
 

 The facts are not in dispute. The bankrupt, Harold Angier, was a resident of St. Joseph, Michigan. On January 22,1975, he purchased a truck tractor from Waterland White Trucks Sales and Service of Kalamazoo, Michigan. White Motor Credit, the defendant below, is Waterland’s assignee.
 

 In connection with the purchase, Angier executed a financing statement and an installment sales and security agreement. White Motor Credit filed the financing statement with the Berrien County Registrar of Deeds in St. Joseph, Michigan. The statement noted White Motor Credit’s security interest and listed Angier’s former business address as it appeared on the title of the vehicle he had traded for the truck. White Motor Credit subsequently corrected the statement to show Angier’s home address.
 

 At the time of the sale, Angier was under a long-term lease agreement with Ace-Do-ran Trucking Company. Ace-Doran is a multi-state trucking company with home offices in Cincinnati, Ohio and several regional terminals including Kalamazoo and Perrysburg, Ohio. Angier had an Ohio P. U. C. O. tax-exempt number, and decided to title the truck in Ohio in order to avoid paying Michigan sales tax. In the titling process, Angier filed two documents with the Michigan Department of State. The first document was an “Application for Michigan Title”, also known as an RD-108, which displayed his former business address in St. Joseph and described the truck as “in-transit.” The RD-108 was the document Angier would have filed had he wished to title the truck in Michigan. An-gier then filed a “Michigan In-Transit Registration” known as an MV-42, in which he indicated his intent to title the truck in Ohio. On the MV-42, he gave as his address the address of Ace-Doran’s headquarters in Cincinnati. Angier then titled the truck in Ohio, listing Ace-Doran’s terminal in Perrysburg, Ohio as his address. Both the Ohio title and the Michigan RD-108 properly listed White Motor Credit as the secured party.
 

 On July 9,1975, Angier filed a petition in Bankruptcy Court. White Motor Credit claimed a priority interest in the truck. The issue before this court is whether the notation of the security interest on the Ohio title perfects White Motor Credit’s interest under Michigan law.
 

 White Motor Credit argued that notation of its interest on the Ohio Certificate of Title satisfied the conflict-of-laws provisions of Mich. Comp. Laws § 440.9103(4), Uniform Commercial Code 9-103(4) (1962
 
 *399
 
 version). Since Angier titled the truck in Ohio and White Motor Credit met the perfection requirements under Ohio law, Ohio Rev.Code Ann. § 1309.21 (U.C.C. § 9-302) and § 4505.13 (security interests in motor vehicles), White Motor Credit contended that it had perfected its security interest under Michigan law.
 

 In the alternative, White Motor Credit argued that Michigan law required notation of the security interest on the “application for title.” Mich.Comp.Laws § 440.9302. Since the RD-108 was the only document required for an application for title, White Motor Credit argued that it had met this requirement. Michigan did not issue a title because Angier described the vehicle as “in transit.”
 

 The Bankruptcy Court rejected both arguments. First, the court found that the RD -108 was not an “application for title” since Angier was not actually applying for a Michigan title. Second, the court ruled that Michigan was the only proper state in which to title the truck. The court held that section 440.9103(4) only applied when the state issuing title was the proper state under section 440.9103(2) U.C.C. 9-103(2) (1962 version).
 
 In re Brown,
 
 5 U.C.C.Rep. 401, 408 (W.D.Mich.Bankr.1968).
 

 The facts of this case are almost identical to those of
 
 In re Paige, supra,
 
 where this court held that registration of a vehicle in Michigan is not required when the vehicle is registered in another state and the lien is noted on the certificate of title.
 
 In re Paige,
 
 679 F.2d at 603-604. In
 
 Paige,
 
 a Michigan resident purchased a truck tractor in Indiana and titled the truck in Illinois, using the business address of his employer, another multi-state trucking company. This court held that the provisions of Mich. Comp.Laws § 440.9103(4), U.C.C. 9-103(4) (1962 version) plainly supercede Mich.Comp. Laws § 440.9103(2), U.C.C. 9-103(2) (1962 version) when a foreign jurisdiction issues a certificate of title. Mich.Comp.Laws § 440.9103(4) states:
 

 Notwithstanding subsections (2) and (3), if personal property is covered by a certificate of title issued under a statute of this state or any other jurisdiction which requires indication on a certificate of title of any security interest in the property as a condition of perfection, then the perfection is governed by the law of the jurisdiction which issued the certificate.
 

 The “notwithstanding” clearly means that section (4) will take priority over sections (2) and (3) when title is issued in another state.
 
 In re Paige, supra; In re Dawson,
 
 21 U.C.C.Rep. 293 (E.D.Mo.Bankr.1976).
 

 The Trustee argues that Angier’s misuse of business addresses and his failure to list a correct home address on the RD-108 invalidates the title. In
 
 Paige,
 
 the bankrupt gave his employer’s business address as his title address. In
 
 Dawson,
 
 the bankrupt listed a fictitious address. In both cases, the court looked to the purpose of Article Nine of the Uniform Commercial Code — notice to subsequent creditors. Here, as in those cases, the notation of White Motor Credit’s security interest on the Ohio Certificate of Title fulfills that purpose. A potential creditor need look to only one place — the certificate of title, regardless of issuing state — to discover this prior security interest. As this court stated in
 
 Paige,
 
 “[i]f the debtor cannot or will not produce the title certificate the potential creditor is immediately on notice that he acts at his own risk.”
 
 In re Paige, supra,
 
 at 603.
 

 We also agree with White Motor Credit’s argument that its interest was perfected under U.C.C. § 9-302 (1962 version). Mich. Comp.Laws § 440-9302(4) provides:
 

 A security interest in property covered by a statute described in subsection (3) can be perfected only by registration or filing under that statute; except that in the case of a security interest in a vehicle which is not inventory held for sale as referred to in subsection (3) or an accessory as referred to therein,
 
 the filing required to perfect, such security interest is not only the filing with the secretary of state of an application for a certificate of title containing a
 
 statement with regard to such security interest as provided in section 217 of Act No. 300 of the Public Acts of 1949, as amended,
 
 but in addition
 
 
 *400
 

 the filing of a financing statement with the register of deeds
 
 as provided in section 9401(1) the effective time of filing required for the perfection of such security interest is determined by the time of filing with the secretary of state and the register of deeds, whichever occurs later, (emphasis added) (footnotes omitted).
 

 The RD-108 is the document required by section 217. While Angier did not receive a Michigan Certificate of Title, he did receive a temporary “in transit” license by virtue of filing the MV-42 (i.e., a cardboard license plate to be taped in the truck’s rear window). White Motor Credit also filed the required financing statement. Thus, White Motor Credit recorded its interest both in the Berrien County Registrar of Deeds Office and on the official document filed with the Michigan Department of State. Anyone who searched those places in lieu of requesting the certificate of title would be on notice of White Motor Credit’s interest. In short, White Motor Credit took all reasonable steps to notify subsequent creditors of its interest. Any subsequent creditor who made a reasonable search would have found evidence of White Motor Credit’s interest.
 

 The Trustee argues that Angier’s title is facially void. There is evidence to the contrary. At the bankruptcy hearing Mr. William King, Regional Director of the Michigan Department of State, testified that “residence” is not the sole criterion by which title is judged, and that a Michigan resident could properly title a vehicle in another state if the vehicle was used in that state.
 

 The Highway Reciprocity Act, 1960 Mich. Pub.Acts 124, Mich.Comp.Laws § 3.161-.176, allows Michigan residents to title their vehicles in states with which the Michigan Reciprocity Board has a reciprocity agreement. The Reciprocity Act provides that “the board may determine the proper jurisdiction for the registration or licensing for all vehicles whose owners or operators seek the privileges and benefits of this act.” Mich.Comp.Laws § 3.165. The board “may require” registration in (1) the jurisdiction of the owner’s legal residence; (2) the jurisdiction of the owner’s commercial enterprise or branch of the owner’s commercial enterprise; (3) “the jurisdiction in which the vehicle
 
 is most frequently dispatched,
 
 garaged, serviced, maintained, operated
 
 or otherwise controlled in or from”;
 
 or (4) the jurisdiction where the states have agreed to register the vehicles. Mich.Comp. Laws § 3.165(a)-(d) (emphasis added). Since Angier was under a lease agreement with Ace-Doran, he met the prima facie requirements of section 3.165(c) in that the vehicle was “most frequently dispatched ... or otherwise controlled in or operated from” the jurisdiction of Ohio. White Motor Credit also submitted a letter from the Secretary of the Michigan Highway Reciprocity Board which stated: “When a Michigan resident leases his vehicle to an Ohio based carrier, the vehicle is licensed in Ohio.” Appellee argues that since Angier generally received assignments from Ace-Doran’s Kalamazoo terminal, this provision does not apply. However, that is a question for the Michigan Highway Reciprocity Board. Likewise, any question concerning Angier’s use or misuse of addresses on his Ohio Title is a matter for the Ohio authorities. Absent any action by either the Michigan or Ohio authorities, Angier’s title is presumably valid.
 

 Finally, appellee argues that Angier committed fraud by titling the truck in Ohio to avoid paying Michigan sales tax. However, the fact that Angier successfully avoided paying sales tax on the truck does not
 
 per se
 
 constitute fraud. Any determination of tax liability lies with the proper state authorities. In any event, we see no connection between Angier’s tax liability and the validity of his Ohio Title. The Uniform Commercial Code was not drafted to enforce local tax laws but to protect commercial transactions. Under Article Nine of the Uniform Commercial Code fraud means a fraud on future creditors. As we have noted, there is adequate notice to future creditors in the present case.
 

 Accordingly, the judgment of the District Court is reversed.