**In the Matter of SKYLAND, INC., Debtor.**

**Bankruptcy No. HG 81 2885.**

United States Bankruptcy Court, W.D. Michigan.

March 24, 1983.

Timothy Curtin, Grand Rapids, Mich., for creditors committee.

Geoffrey L. Gillis, Grand Rapids, Mich., for debtor.

George E. Pawlowski, Grand Rapids, Mich., for secured party.

## OPINION

LAURENCE E. HOWARD, Bankruptcy Judge.

This matter is before the court on the application of the creditor's committee requesting the court to determine that the debtor is owner of certain motor vehicles and that Staal Leasing, Inc., holds an unperfected security interest which is subordinate to the interest of the debtor.

The facts are not in dispute. The debtor, Skyland, Inc. filed a Chapter 11 proceeding on March 19, 1982. Prior to the filing, the debtor and Staal entered into a leasing agreement covering the motor vehicles. The parties agree that in accordance with the Uniform Commercial Code the lease was intended for security. M.S.A. § 19.-1201(37) [M.C.L.A. § 440.1201(37)].

Staal purchased the vehicles subject to the lease and granted purchase money security interests to various lending institutions which advanced the funds. The applications for titles (R.D. 108) and the vehicle titles set forth Staal as the owner and the lending institutions as the only secured parties. The interest of the debtor does not appear on the title. UCC–1 financing statements have been filed with the Michigan Secretary of State's office. Staal has paid off its obligations. However, the liens have not been discharged and still appear on the titles. Staal has had possession of the titles since they were issued. The vehicles have been in the debtor's possession since execution of the lease.

It is the creditors' committee position that Staal did not properly perfect its security interest and the same may be avoided by the debtor in possession.

█ The debtor in possession has the same rights and powers to avoid an unperfected security interest as the trustee. See 11 U.S.C. § 1107 and 11 U.S.C. § 544.

The creditors' committee cite and rely on *In re National Welding of Michigan, Inc.* 17 B.R. 624 (Bkrtcy.W.D.Mich.1982). The facts in that case are identical with one exception. No security interest was noted on the title. The committee contends that this difference is meaningless, and I agree.

In *National Welding,* Judge Nims held that the Michigan statutes had not been complied with in that the application for title did not set forth the name and address of the secured party and the title was applied for and issued in the name of the "lessor," the secured party, rather than the "lessee," the owner. M.S.A. § 9.1917 [M.C.L.A. § 257.217] and M.S.A. § 9.1837 [M.C.L.A. § 257.37].

Judge Nims concluded:

There has been no attempt by Associates to comply with the Michigan statute governing perfection and this Court would therefore find that perfection has not occurred.

Thus, there being no perfection, the security interest of Associates is invalid as to a trustee in bankruptcy. Mich.Comp. Laws Sec. 440.9301(3) [Mich.Stat.Ann. Sec. 19.9301(3) (Callaghan 1981)] p. 628.

In *National Welding* Judge Nims cited *In re Paige*, 3 B.R. 115 (Bkrtcy.W.D.Mich.) in support of his decision. Subsequently, *Paige* was reversed by the Sixth Circuit. 679 F.2d 601 (6th Cir.1982). An examination of *Paige* and its comparison case of *In re Angier*, 684 F.2d 397 (6th Cir.1982), is in order.

In re Paige, supra, the Sixth Circuit held that where an Illinois certificate of title is issued with the lien noted thereon there is proper perfection in accordance with M.S.A. § 19.9304(4), [M.C.L.A. § 440.9304(4)] even though the owner resided in Michigan and his chief place of business was located there. The court held that Michigan registration of the vehicle was not required.

*In re Angier,* supra, the bankrupt, a Michigan resident, obtained an Ohio Certificate of Title in his name. The interest of the secured party was listed on the title. A financing statement was filed with the Berrien County, Michigan, register of deeds and an RD–108 with the Michigan Department of State. Both documents listed the secured party's interest. The court held there was proper perfection.

In both cases the vehicles involved were truck tractors and operated in several states.

The Sixth Circuit in deciding *Paige* and *Angier* takes a liberal approach to the recording requirement of security interests under the Uniform Commercial Code and focuses on whether the certificate of title or a search of Michigan Department of State's records would put a potential creditor on "notice" of prior security interests:

... The advantage of a literal interpretation of section 9–103(4) is that a potential creditor need look only to one place— the certificate of title—to discover prior security interests. If the debtor cannot or will not produce the title certificate the potential creditor is immediately on notice that he acts at his own risk.... *In re Paige,* p. 603.

... Here, as in those cases, the notation of White Motor Credit's security interest on the Ohio Certificate of Title fulfills that purpose. A potential creditor need look to only one place—the certificate of title, regardless of issuing state—to discover this prior security interest. As this court stated in *Paige,* "[i]f the debtor cannot or will not produce the title certificate the potential creditor is immediately on notice that he acts at his own risk." *In re Paige,* supra at 603. *In re Angier,* p. 399.

... Thus, White Motor Credit recorded its interest both in the Berrien County Registar of Deeds Office and on the official document filed with the Michigan Department of State. Anyone who searched those places in lieu of requesting the certificate of title would be on notice of White Motor Credit's interest. In short, White Motor Credit took all reasonable steps to notify subsequent creditors of its interest. Any subsequent creditor who made a reasonable search would have found evidence of White Motor Credit's interest. *In re Angier,* p. 400.

■ There is no question that Staal Leasing did not comply with the Michigan Statutes in recording its security interest. R D–108's were filed listing it as owner rather than a secured party. M.S.A. sections 19.-9302, 9.1917 and 9.1837 [M.C.L.A. §§ 440.-9302, 257.217, 257.37]. However, it is also clear that if a potential secured creditor examined the titles, which were Staal's possession, or searched the records of the Michigan Department of State, he would be put on notice of Staal's interest in the vehicles. Therefore, in view of the *Paige* and *Angier* decisions, I must find that Staal has properly perfected its security interest.

Other circuits have taken a similar position. In *In Re Circus Time, Inc.,* 641 F.2d

39 (1st Cir.1982), the court held that there was perfection although the secured party was listed as owner on the vehicle certificate. This case also involved a lease intended for security. The creditor, as in our case, had not complied with state law in perfecting its security interest. The court found that this constituted "minor errors which are not seriously misleading" under U.C.C. section 9402(5). See M.S.A. § 19.-9402(8), [M.C.L.A. § 440.9402(8) ] for similar section. The court found that the notice requirement of the U.C.C. were met because the "lease" owner could not obtain a loan on the vehicle without providing a vehicle title in its own name.

The *Circus Time* decision was cited and followed in *In re Trivett,* 12 B.R. 373 (Bkrtcy.E.D.Tenn.1981) and *In re Coors of Cumberland, Inc.,* 19 B.R. 313 (Bkrtcy.M.D. Tenn.1982).

In *In re Williams,* 608 F.2d 1015 (5th Cir.1979), the vehicle title was issued in the name of Merle Norman Cosmetic Studio as owner which was a sole proprietorship owned by Loyce Williams. General Motors Acceptance Corporation was listed on the title as lien holder. The court concluded that it was proper to list a sole proprietorship as owner and held, even if the designation was improper, there would have been proper perfection by the secured creditor:

> The purpose of such motor vehicle registration law is to give notice to any potential creditors of a lien upon a certain vehicle. See, e.g., *In re Vaughn,* 283 F.Supp. 730, 734 (M.D.Tenn.1968). See also *Matter of Bosson,* 432 F.Supp. 1013, 1017 (D.Conn.1977) (issue is whether a reasonably diligent searcher would be misled). That purpose has been accomplished in this case. Mrs. Williams' car could not be sold or used for collateral without the presentation of the Certificate of Title. An ordinarily prudent creditor who looks at the certificate would immediately see that GMAC is the first lienholder. There was no proof nor even a suggestion that any potential creditors were misled or prejudiced by the circumstances in this case, and the trustee has so conceded.... p. 1018.

An order may be entered in accordance with this opinion.