**In re William R. PIERCE, d/b/a Pierce Trucking, Debtor.**

**WESTERN DISTRICT OF MICHIGAN TRUSTEES, INC., Plaintiff,**

v.

**FIRST OF AMERICA BANK—LUDINGTON, N.A., Defendant.**

**Bankruptcy No. NT 82 03363.
Adv. No. 86–0205.**

United States Bankruptcy Court, W.D. Michigan.

Aug. 20, 1986.

Thomas W. Schouten, Wyoming, Mich., for plaintiff.

Gavigan & Anderson, Roger H. Anderson, Ludington, Mich., for defendant.

OPINION

SECURITY AGREEMENT—DESCRIPTION OF COLLATERAL

DAVID E. NIMS, Jr., Bankruptcy Judge.

This case presents the question whether a security agreement becomes ineffective when the collateral is modified in such a way as to no longer match the description in the agreement.

I

The facts in this case are very simple. First of America Bank—Ludington, N.A. ("Bank"), Defendant, financed debtor's purchase of a new Chevy "Delta" Van, Vehicle Identification Number ("VIN") CGL 2597124550. A written security agreement was signed by the parties and

that agreement described the van as a "new Chevy Delta Van", bearing the referenced VIN.

The van was customized after it left the manufacturer. The customizer assigned the van a new serial number, to wit, DELVC 2363124550. This number, and the name of the Bank, were noted on the certificate of title.

Debtor filed for bankruptcy on October 22, 1982. Within 90 days prior to filing, debtor paid the bank $5,000.00 and the bank released its lien on the van. The question now is whether the Bank had any lien to release. If not, there was no contemporaneous exchange of value, and the transfer to the Bank is avoidable under 11 U.S.C. § 547(b).[1]

## II

The trustee asserts that the Bank's interest in the van never "attached" because the security agreement did not contain an accurate description of the collateral as required by Uniform Commercial Code ("U.C. C.") § 9–203(1)(a).[2] The trustee relies on three Michigan Bankruptcy Court decisions which, he alleges, support his argument that the security agreement here does not reasonably identify the collateral. Those decisions are *General Motors Acceptance Corporation v. Bolinger (In Re Bolinger)*, 3 B.R. 186 (Bankr.E.D.Mich.1980), *Citizens Commercial & Savings Bank v. Elridge (In Re Elridge)*, 10 B.R. 835 (Bankr.E.D. Mich.1981) and *Chrystler v. International Harvester Credit Corporation (In Re Cossairt)*, 43 B.R. 41 (Bankr.W.D.Mich. 1984).

The Bank asserts to the contrary that the description here satisfied U.C.C. § 9–110[3] (which is incorporated by the comments of § 9–203) and that the security interest of the Bank did in fact attach. The Bank relies on *In Re Paige*, 679 F.2d 601 (6th Cir.1982) and *In Re Angier*, 684 F.2d 397 (6th Cir.1982). We think, however, that the parties have asked and answered the wrong question.

■ There is no dispute from the stipulated facts that when the security agreement in this case was originally signed, the description of the collateral was completely accurate. Since the Bank had given value for the agreement and the debtor had acquired rights in the collateral,[4] the security interest "attached" within the meaning of § 9–203. When the security agreement attached it became enforceable against the debtor. See, § 9–203(2).[5] The question now is whether the security interest, having once attached, became unenforceable when the debtor modified the collateral.

■ The Court can find no support in Michigan law for the proposition that a security agreement somehow unattaches or becomes unenforceable against the debtor when the debtor modifies the collateral. In fact, such a rule would be absurd since it would allow a debtor to *unilaterally* void a security agreement by simply, say, painting the collateral (if its an automobile) or adulterating the VIN. If this were the rule, Banks would be unwilling to enter into financing arrangements where the debtor remained in possession of the collateral because the Banks could have no confidence that their agreements would remain enforceable. We would note, further, that there are certain areas in which the U.C.C. contemplates not only the modification but

---

1. This matter is before the Court on cross motions for summary judgment, and the parties have filed a stipulation of facts. The stipulation of facts resolves all genuine issues of material fact and this case is, therefore, ripe for judgment. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425, 427 (6th Cir.1962).

2. Mich.Comp.Laws § 440.9203(1)(a) (1961) (Mich.Stat.Ann. § 19.9203(1)(a) (Callaghan 1981)).

3. Mich.Comp.Laws § 440.9110 (1961) (Mich. Stat.Ann. § 19.9110 (Callaghan 1981)).

4. The debtor acquired rights in the collateral when the collateral became identified to a contract of sale naming the debtor. Mich.Comp. Laws § 440.2501 (1961) (Mich.Stat.Ann. § 19.-2501 (Callaghan 1981)).

5. Mich.Comp.Laws § 440.9203(2) (1961) (Mich. Stat.Ann. § 19.9203(2) (Callaghan 1981)).

the complete substitution of collateral without the necessity of a new or amended security agreement. See, § 9–306 (no amended security agreement required to enforce a lien against proceeds).[6] It clearly follows that no new or amended security agreement was required here.

Accordingly, judgment for Defendant, First of America Bank—Ludington shall enter. No costs to either party.

6. Mich.Comp.Laws § 440.9306 (1961) (Mich. Stat.Ann. § 19.9306 (Callaghan 1981)).