**In re Toni L. VEGA, Debtor.**

**Lisa E. Gochá, Plaintiff,**

v.

**Ford Motor Credit, Defendant.**

**Bankruptcy No. SG 04–08585.
Adversary No. 04–88804.**

United States Bankruptcy Court,
W.D. Michigan.

March 28, 2005.

---

**36.**   147 F.3d 221 (2nd Cir.1998).

James E. Gould, Lead Attorney, James E. Gould & Associates, PC, Alma, MI, for Debtor.

Lisa E. Gocha, Holland, MI, pro se.

## OPINION

JO ANN C. STEVENSON, Chief Judge.

The principal issue before this court is whether a properly perfected lien on a certificate of title from a foreign state is voidable by a bankruptcy trustee because the owner of the vehicle failed to re-title the vehicle four months after bringing it to Michigan.

The claims presented in this Motion for Summary Judgment arise in a case referred to this court by the Standing Order of Reference entered by the United States District Court for the Western District of Michigan on July 24, 1984. This court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Accordingly, the bankruptcy court is authorized to enter a final judgment subject to the appeal rights afforded by 28 U.S.C. § 158 and Fed. R. Bankr.P. 8001 et seq.

The following constitutes the court's findings of fact and conclusions of law in accordance with Fed. R. Bankr.P. 7052. In reaching its determinations, this court has considered the parties arguments and briefs.

### Background

Toni Vega ("Vega or Debtor") lived in Silver Springs, Maryland. While residing there, she purchased a 1999 Ford Escort and financed the vehicle through Ford Motor Credit ("FMC or Defendant"). FMC properly noted its lien on the Maryland certificate of title.

The Debtor eventually moved to Michigan. In order to obtain Michigan license plates, Vega obtained a Michigan "memo" registration certificate from the Secretary of State. Motion for Summary Judgment, Exh. A.

On July 12, 2004, Vega filed a voluntary petition under Chapter 7. On October 30, 2004, Lisa Gocha, the Chapter 7 Trustee ("Trustee") filed a Complaint to Avoid Improperly Perfected Lien and for Turnover of Property against FMC. Defendant filed its Motion for Summary Judgment on February 2, 2005.

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure is made applicable to this proceeding by Fed. R. Bankr.P. 7056 which permits a claimant to move, with or without affidavits, for a summary judgment in the claimant's favor. Fed. R. Bankr.P. 7056(a). If the court determines that no genuine issues of material fact exist and the claimant is entitled to judgment as a matter of law, the court shall grant the motion. Fed. R. Bankr.P. 7056(c).

### Argument

FMC argues that the 1999 Ford Escort is properly perfected by FMC's notation of its lien on the Maryland certificate of title. The vehicle never ceased being covered by this title and consequently, the law of Maryland applies to the perfection and security interest of FMC. Since FMC properly noted its security interest in the vehicle pursuant to Maryland law, its perfected security interest remains in effect even though the Debtor brought the car to Michigan.

The Trustee's argument centers around M.C.L. A. § 440.2805 [1] which governs the perfection of security interests in multi-state transactions. It states:

Subject to the provisions of sections 2A304(3) and 2A305(3), with respect to goods covered by a certificate of title issued under a statute of this state or any other jurisdiction, compliance and the effect of compliance or noncompliance with a certificate of title statute are governed by the law of the jurisdiction issuing the certificate until the earlier of the following:

(a) Surrender of the certificate.

(b) Four months after the goods are removed from that jurisdiction and thereafter until a new certificate of title is issued by another jurisdiction.

Under the reading advanced by the Trustee, M.C.L.A. § 440.2805(b) sets a strict four month period within which a lien must be re-perfected following the collateral's relocation to Michigan. According to the Trustee, FMC's failure to take action before that four month deadline cost FMC its status as a properly perfected lienholder.

### Analysis

The first part of M.C.L.A. § 440.2805 provides that perfection is governed by the law of the state issuing the certificate of title (here, Maryland) unless the secured creditor surrenders the certificate of title. "[C]ompliance and the effect of compliance or noncompliance... [is] governed by the law of the jurisdiction issuing the certificate until surrender of the certificate." M.C.L.A. § 440.2805(a).

Accordingly, so long as the certificate of title is not surrendered, the law of the issuing state (Maryland) continues to govern perfection for at least four months following relocation of the collateral to another jurisdiction (here, Michigan). "[C]ompliance and the effect of compliance or noncompliance... [is] governed by the law of the jurisdiction issuing the certifi-

1. This statute is the former M.C.L.A. § 440.9103(a) and (b) substantially revised.

cate until four months after [relocation of the collateral]." M.C.L.A. § 440.2805(b).

■ If the certificate is not surrendered and if the collateral is not registered in the new jurisdiction (Michigan), the law of the issuing state (Maryland) continues to govern perfection beyond the four month window. "[C]ompliance and the effect of compliance or noncompliance... [is] governed by the law of the jurisdiction issuing the certificate until four months after [relocation of the collateral] *and thereafter* until a new certificate of title is issued by another jurisdiction."(emphasis added); M.C.L.A. § 440.2805(b). Therefore, it can be reasoned that the Michigan legislature and the drafters of the U.C.C. began with a four month window but then modified the time frame through expansion ("four months and thereafter") and restriction ("until ... the surrender of the certificate"). Thus, M.C.L.A. § 440.2805, when read as a whole provides that the certificate of the issuing state ceases to control after four months following removal, if re-registration has occurred.

■ To determine whether the Debtor re-registered her car in Michigan when she obtained a Michigan "memo" registration, we rely on the analysis and findings in *Frank v. Norbel Credit Union (In re Murray)*, 109 B.R. 245 (Bankr.E.D.Mich. 1989).

A Michigan memo registration does not include the issuance of a certificate of title and is authorized when, for example, the owner's out of state title is held by a lienholder. The bankruptcy court in *Murray* ruled that a vehicle is registered for the purposes of M.C.L.A. § 440.9103(b) (the predecessor to M.C.L.A. § 440.2805(b)) only when the registration includes the issuance of a new certificate of title. A new certificate of title was not issued in the present case when the Debtor re-registered her vehicle in Michigan.

We find that a Michigan memo registration is not the sort of registration contemplated by M.C.L.A. § 440.2805(b), and consequently, the vehicle was never re-registered in Michigan.

The Trustee's argument also falls short when looking to the theory of statutory construction. The strict four month window advanced by the Trustee completely ignores the language immediately following and modifying the four month period, thereby nullifying part of the statute. See *Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana*, 472 U.S. 237, 105 S.Ct. 2587, 86 L.Ed.2d 168 (1985) (It is "elementary" that a statute should be constructed so as not to render one part a nullity.); *Lau Ow Bew v. United States*, 144 U.S. 47, 12 S.Ct. 517, 36 L.Ed. 340 (1892) (A basic canon of statutory construction is to avoid those readings which result in an absurdity).

White & Summers in their definitive treatise, deal extensively with the perfection of title to vehicles in multiple state transactions. That authority discusses the type of situation which, ideally, should result in the creditor's continued protection if the vehicle is moved to another state:

> [S]ometimes a student might take his car from Minnesota to Michigan and there register the car by procuring Michigan license plates. A student could do that without giving up his Minnesota certificate of title and without procuring a Michigan certificate of title. If the student or the trucker should go bankrupt, one can anticipate the trustee in bankruptcy will argue that the secured creditor who did no more than get his name listed on the certificate of title in the original state has become unperfected because his four months have passed and the goods are now registered in another jurisdiction. Of course, that is a crazy outcome. How else could the

creditor who has a security interest in the truck with one certificate of title and 25 registrations perfect? Should the creditor file a financing statement in each of the states where there is registration? We think not.

We agree with this analysis.

This interpretation of Michigan's Uniform Commercial Code is also in harmony with Sixth Circuit policy as recently mentioned in *Schlarman v. Hahn (In re Hahn),* 15 CBN 263 (Bankr.E.D.Ky.2005). The Uniform Commercial Code, including the four month period in M.C.L.A. § 440.2805 is not designed to destroy security interests; rather it is meant to assure that the marketplace not be chilled by worries over perfected, but secret liens on vehicles. In short, "the purpose of Article 9 is notice to subsequent creditors." *Yampolsky v. White Motor Credit Corp. (In re Angier),* 684 F.2d 397, 399 (6th Cir.1982).

Likewise, in *Uhle v. Parts and Trucks (In re Paige),* 679 F.2d 601 (6th Cir.1982), the Sixth Circuit looked to the purpose of Article 9 of the Uniform Commercial Code. The Court found that registration of a vehicle in Michigan is not required when the vehicle is registered in another state and the lien is noted on the certificate of title.

Here, the notation of FMC's security interest in the Maryland certificate of title fulfills the purpose of Article 9. "A potential creditor need look to only one place—the certificate of title, regardless of issuing state—to discover this prior security interest." *Angier,* 684 F.2d at 399.

This is what distinguishes the case of *Ford Credit Canada Leasing, Limited v. DePaul,* 247 Mich.App. 723, 637 N.W.2d 831 (2001), relied upon by the Trustee. In *DePaul,* a vehicle was removed to Michigan from Ontario, Canada. The province of Ontario does not require a lien notation on the documents of ownership. Moreover, Ontario is a non-title province, meaning the Ministry of Transportation does not issue a certificate of title with the purchase of a vehicle. Consequently there is no central filing system where the Canadian lien could be located and no notice to subsequent purchasers or lienholders.

■ Since the car was not re-registered in Michigan as contemplated by M.C.L.A. § 440.2805(b), and the certificate of title was never surrendered, we next turn to M.C.L.A. § 440.9303. This section governs perfection and priority of security interests in goods "covered by a certificate of title, even if there is no other relationship between the jurisdiction under whose certificate of title the goods are covered and the goods or the debtor." M.C.L.A. § 440.9303(1). It states in pertinent part:

> (3) The local law of the jurisdiction under whose certificate of title the goods are covered governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in goods covered by a certificate of title from the time the goods become covered by the certificate of title until the goods cease to be covered by the certificate of title.

The local law under whose certificate of title the "goods" are covered would be the law of the state of Maryland since FMC's security interest was properly perfected according to the laws of that state and did not cease being perfected even when the car was brought to Michigan.

Thus, FMC's security interest which is noted on the Maryland certificate of title remained perfected at the time of the filing of the bankruptcy petition. This gave all subsequent purchasers and creditors including a hypothetical lien creditor, such as the Trustee notice of FMC's interest. Thus, FMC's lien is superior to the claim of the Trustee.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. For the reasons set forth in the attached Opinion, the Defendant's Motion for Summary Judgment is GRANTED;

2. Our determination that Ford Motor Credit enjoys a perfected security interest in the 1999 Ford Escort resolves all the issues in Adv. Pro. 04–88804 and the case shall be closed forthwith;

3. This Opinion and Order shall be served pursuant to Administrative Order 2004–06 (Mandatory Electronic Filing) upon Ford Motor Credit, Michael W. Donovan, Esq., Toni L. Vega, and Lisa E. Gochá, Esq., Chapter 7 Trustee.