**In the Matter of Bertha Loyce WILLIAMS, Bankrupt.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,**

v.

**Jacob C. PONGETTI, Trustee, Appellee.**

**No. 77–2921.**

United States Court of Appeals, Fifth Circuit.

Dec. 26, 1979.

Ernest Williams, Don Tracy, Memphis, Tenn., for appellant.

Jacob C. Pongetti, pro se.

Before BROWN, TJOFLAT and GARZA, Circuit Judges.

GARZA, Circuit Judge:

In this bankruptcy action, the Court is asked to interpret a Mississippi state statute concerning the perfection of a security interest in the bankrupt's automobile. The Bankruptcy Judge determined that a security interest had not been perfected in favor of the lienholder, General Motors Acceptance Corporation [GMAC]. The District Court summarily affirmed the Bankruptcy Judge's decision. This Court concludes that the security interest was perfected in favor of GMAC, requiring a reversal of the lower court's ruling.

On August 28, 1975, Mrs. Loyce Williams purchased a used 1974 Dodge van. The installment sales contract listed the buyer as Merle Norman Cosmetic Studio, which was a sole proprietorship operated by Mrs. Williams. The sales contract was signed in the names of the sole proprietorship and Mrs. Williams, with Mrs. Williams also signing as a co-buyer. The contract was assigned to GMAC.

Mrs. Williams then applied to the Mississippi Motor Vehicle Comptroller in order to obtain a Certificate of Title and a license. The state of Mississippi issued a Certificate of Title in the name of Merle Norman Cosmetic Studio and listed the first lienholder as GMAC.

Shortly thereafter, Mrs. Williams filed a petition for bankruptcy. GMAC then filed a complaint for possession of the vehicle. The trustee in bankruptcy alleged that under Mississippi law, a vehicle may not be titled in the name of a sole proprietorship. Because of this, the trustee claimed that the security interest had not been perfected and that GMAC had no right to the vehicle. The vehicle was sold for the sum of $3,000 and is being held by the trustee pending the resolution of this action.

Although the sales contract states that it shall be governed by the laws of Tennessee, the residence and place of business of Mrs. Williams, the location of the car and the state in which the security interest attached are all in Mississippi. Thus, the laws of Mississippi shall apply. Since there are apparently no decisions by the Mississippi Supreme Court on this particular point, this Court must interpret the law as it believes the Mississippi state courts would. The means of perfecting a security interest in a motor vehicle in Mississippi are delineated in § 63–21–43(2) of the Motor Vehicles and Traffic Regulations of the Mississippi Code, Miss.Code Ann. §§ 63–21–1—63–21–77 (1972 & Supp.1978), which provides that:

> A security interest is perfected by the delivery to the comptroller of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and the date of his security agreement, and the required fee.

There is no dispute that Mrs. Williams followed the dictates of the above statute. In fact, accompanying the above information was the sales contract which showed that Mrs. Williams was a co-buyer. Following the receipt of the application by the Comptroller, a Certificate of Title was issued. In this regard, § 63–21–17(1) provides that:

> The comptroller shall examine each application received and, when satisfied as to its genuineness and regularity and that the applicant is entitled to the issuance of a certificate of title, shall issue a certificate of title of the vehicle on the form prescribed by the comptroller.

Additionally, § 63–21–19(4) states that "[a] certificate of title issued by the comptroller is prima facie evidence of the facts appearing on it." [1]

---

1. Included in the facts appearing on the certificate of title are the name of the owner, the name of the first lienholder and a statement which provides that: "The Mississippi Motor Vehicle Comptroller hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle . . . ." Additionally, § 63–21–23 allows the Comptroller who is not satisfied as to the ownership or the security

■ Nonetheless, the trustee argues and the Bankruptcy Judge held that the title application must contain the name of the owner. This position is based upon a separate provision of the Mississippi motor vehicle title laws, § 63–21–15, which requires that a title application contain a number of items including the name of the owner. It is also based upon § 63–21–5(m), which defines an "owner" as a "person or persons holding the legal title of a vehicle . . ." Since a sole proprietorship is not included in the definition of a "person" under § 63–21–5(n),[2] it is argued that it cannot be an owner.[3] The trustee thus contends that the delivery of an application without the owner's name is not a delivery at all under the language of § 63–21–43(2). Based upon a clear reading of the pertinent statutory provisions, this Court must reject the trustee's argument.

One of the definitions of a person in § 63–21–5(n) is a "firm." Although a firm often is synonymous with the term "partnership," that is not true in this case, because § 63–21–5(n) also lists a "copartnership" as a person. Thus, the Mississippi legislature must have intended another meaning for the word "firm." Every other business arrangement has been included in § 63–21–5(n) except a "sole proprietorship." This Court holds that the term "firm" as used in § 63–21–5(n) can mean nothing else but a sole proprietorship. Thus, Mrs. Williams' application did contain the name of the "owner."

■ Even if this Court refused to interpret "firm" as we have, the conclusion of the Court would be no different. The interpretation espoused by the Bankruptcy Judge is a highly refined and technical one which defeats the purpose of the statute. The perfection statute in the present case requires only four items: 1) the existing Certificate of Title, if any; 2) an application for a Certificate of Title containing the name and address of the lienholder and the date of the security agreement; 3) a copy of the security interest document and 4) the required fee. There is no requirement that the owner's name be listed. Nonetheless, in this case, the Comptroller knew or should have known that Mrs. Williams was a co-buyer since the sales contract was one of the documents he received. This Court does not agree that a failure to list all the facts required for an application under § 63–21–15 defeats the perfection of a security interest under § 63–21–43.[4] Mrs. Williams did all that was required under

interest to withhold issuance of the certificate or as a condition of issuance to require the applicant to file a bond. § 63–21–25 gives the comptroller the power to refuse issuance of a certificate of title.

2. § 63–21–5(n) states that "the term 'person' shall include every natural person, firm, copartnership, association or corporation."

3. Apparently, the trustee has raised a new issue on appeal regarding a regulation of the Mississippi Comptroller. The gist of the regulation, TLR–No. 46, allegedly dated April 21, 1972, is that a title application and a certificate of title which do not bear the name of the individual who owns a sole partnership does not comply with the requirements of the Mississippi Motor Vehicle Title Act. Not only was this issue not raised at the hearing before the Bankruptcy Judge, but the trustee has not even presented this Court with a certified copy of that regulation. This Court will not consider an issue raised for the first time on appeal, see Gerasta v. Hibernia National Bank, 575 F.2d 580, 585 (5th Cir. 1978), unless it is a pure question of law and a refusal to consider it would result in a miscarriage of justice. See

Fishing Fleet, Inc. v. Trident Insurance Company, Ltd., 598 F.2d 925, 926 n. 1 (5th Cir. 1979). The issue of the Comptroller's regulation in this case does not rise to the level of the necessary exception. The efficacy of the Comptroller's regulation, if it was even validly promulgated, is diluted in light of his granting Certificates of Title contrary to his own regulation. Nonetheless, this Court will not reach the issue and declines to consider it.

4. An additional consideration lies in the notion that the need for strict compliance with title registration requirements does not apply to liens or other claims less than title. See, e. g., General Motors Acceptance Corporation v. Smith, 377 F.2d 271, 274 (4th Cir. 1967) (dicta); Janney v. Bell, 111 F.2d 103, 107 (4th Cir. 1940). The trustee in this case challenges Mrs. Williams' attempt to perfect the security agreement. Even a challenge to the application itself, however, would be difficult in light of the statutory credence given the issuance of the Certificate of Title, as well as the existence of the Mississippi Motor Vehicle indexing system. See discussion in n. 5 infra.

the perfection statute. With all the necessary information, the Comptroller issued a Certificate of Title, which is prima facie evidence of the facts appearing on it.

The purpose of such a motor vehicle registration law is to give notice to any potential creditors of a lien upon a certain vehicle. *See, e. g., In re Vaughn,* 283 F.Supp. 730, 734 (M.D.Tenn.1968). *See also Matter of Bosson,* 432 F.Supp. 1013, 1017 (D.Conn. 1977) (issue is whether a reasonably diligent searcher would be misled). That purpose has been accomplished in this case. Mrs. Williams' car could not be sold or used for collateral without the presentation of the Certificate of Title. An ordinarily prudent creditor who looks at the certificate would immediately see that GMAC is the first lienholder. There was no proof nor even a suggestion that any potential creditors were misled or prejudiced by the circumstances in this case, and the trustee has so conceded. In reality no creditor could be misled in the present action.[5] Since the purpose of the statute has been satisfied, the security interest in this case was validly perfected, and GMAC has the right to possession of the car.

REVERSED.

---

5. The trustee refers this court to a number of cases filed under § 9–402 of the U.C.C. in which registration of financing statements under a trade name were found to be invalid. *See In re Leichter,* 471 F.2d 785, 788 (2d Cir. 1972) (security interest in dry cleaning equipment); *In re Hill,* 363 F.Supp. 1205, 1208 (N.D.Miss.1973) (security interest in inventory); *In re Thomas,* 310 F.Supp. 338, 340 (N.D.Cal.1970), *aff'd,* 466 F.2d 51 (9th Cir. 1972) (security interest in debtor's business); *In re Platt,* 257 F.Supp. 478, 482 (E.D.Pa.1966) (security interest in inventory and accounts receivable). These cases are inapposite to the situation in the present case. This court is not dealing with the Mississippi U.C.C., but rather a wholly separate statute on motor vehicle title law. § 75–9–403 of the Mississippi U.C.C. provides for a filing system in which the indexing is based upon the debtor's name. Under such a filing system, a trade name instead of the debtor's name would be misleading to potential creditors who are at-

tempting to discover prior liens on that debtor. § 63–21–57 of the motor vehicle title law, however, requires the Comptroller to maintain a record of all notices of security interests filed 1) alphabetically under the name of the owner; 2) under the vehicle identification number; 3) under the Certificate of Title number; and 4) by any other method he might determine. By this method a creditor can discover a lienholder without the name of the owner. A reasonable creditor would quickly learn whether or not the debtor had a car. Upon such a discovery, the creditor could immediately learn whether there is a prior lienholder through the vehicle identification number pursuant to § 63–21–57(b). This multiple indexing plus the placement of the lienholder's name directly on the Certificate of Title, of which a copy is in the possession of the debtor, removes automobile registration cases from the usual rule concerning trade name filing under the U.C.C. The Court finds the trustee's argument in this regard misplaced.