In re Fred R. McCALL and Fred McCall Trucking, Inc., Debtors.

EQUILEASE CORPORATION, Plaintiff,

v.

Fred R. McCALL and Fred McCall Trucking, Inc., Defendants.

Bankruptcy Nos. 80–20244, 80–20245 and 82–2208A.

United States Bankruptcy Court, W.D. New York.

Feb. 3, 1983.

Woods, Oviatt, Gilman, Sturman & Clarke by Howard Grossman, Rochester, N.Y., for defendants.

Noto, Rudin & Berlowitz by Michael B. Rudin, Rochester, N.Y., for plaintiff.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The debtors herein filed for relief under Chapter 11 of the United States Bankruptcy Code on March 7, 1980. The plaintiff herein has commenced this adversary proceeding for relief of the automatic stay so that they may be able to repossess two 1978 utility refrigerated trailers. The debtor has counterclaimed saying that this was a sale and not a lease and that the debtor is entitled to return of post-petition payments on the lease. They are seeking the dismissal of the complaint and the avoidance of the transfer of $14,976 representing post-petition payments on the so-called "lease". They have also requested the plaintiff to turnover the certificates of title on the two vehicles. In addition, they are seeking to avoid the transfer of some $6,370 in payments on a second so-called "lease" of a 1976 refrigerated trailer and to recover $1,964 in deposit monies made on the said 1976 trailer.

From the hearings and the stipulations entered into by counsel, it appears that on at least two occasions the defendant herein arranged to "lease" refrigerated trailers from the plaintiff. The first agreement was entered into in September of 1976 and the second agreement in September of 1977. The first agreement covered a 1976 utility refrigerated trailer equipped with a thermo-king unit. The second lease of September of 1977 was for two 1978 utility reefer trailers equiped with a thermo-king unit. Both agreements were memorialized by a so-called "lease agreement".

In the 1976 transaction, title to the trailer was transferred by the plaintiff to the defendant. There was no filing of any lease agreement. In the 1977 transaction, the certificates of title to the two trailers were kept by the plaintiff and notice of a lease agreement was filed in the Wayne County Clerk's office under the Uniform Commercial Code. Payments under both agreements have been made by the debtor-in-possession after the filing of the petition in bankruptcy.

In New York State, filings with regard to motor vehicles (refrigerated trailers are so regarded), is governed by Article 46 of the Vehicle and Traffic Law which is the Uniform Vehicle Certificate of Title Act. Briefly, this Article of the Vehicle and Traffic Law requires the transfer of title to motor vehicles to be made by the transfer of a certificate of title. Liens against motor vehicles appear upon the certificates of title providing the vehicle was registered after 1973.

In the case at bar, title to the 1976 vehicle was in the debtor. The lease agreement for that vehicle permitted the debtor to obtain title to the vehicle after making the lease payments by paying the plaintiff a $100. The present value of the vehicle as stipulated between the parties is more than $11,000. There is nothing upon the certificate of title of this vehicle to indicate any security interest, lien or lease on behalf of the plaintiff to the defendant. In fact, the very transfer of title from the plaintiff to the defendant negates the existence of such a lease.

In the second case, the so-called lease was made covering the two 1978 trailers. In this instance, the plaintiff never transferred the certificates of title to the defendant. The plaintiff did file a UCC–1 covering the lease in Wayne County but this filing was ineffective to put strangers or third-parties on notice of the interest of the plaintiff in these vehicles. However, by reserving the certificates of title and keeping the vehicles registered in their names, they certainly put third-parties on notice of their interest of the said vehicles. In *In re Circus Time,* 641 F.2d 39 at page 42, the Court said:

Absolute compliance with the requirements of the Certificate of Title Acts is not necessary to perfect a security interest in a vehicle. Courts have properly interpreted such acts in light of the perfection provisions of the Uniform Commercial Code, which. recognize as effective to perfect a security interest any filing that "substantially compl[ies] with the requirements of [the Code] ... even though it contains minor errors which are not seriously misleading." U.C.C. § 9–402(8); Me.Rev.Stat. tit. 11, § 9–402(8); N.H.Rev.Stat.Ann. § 382–A:9–402(8). See In re Williams, 608 F.2d 1015, 1018 (5th Cir.1979); In re Littlejohn, 519 F.2d 356, 358 (10th Cir.1975); In re Bosson, 432 F.Supp. 1013, 1017–18 (D.Conn.1977); In re Grandmont, 310 F.Supp. 968, 970–72 (D.Conn.1970); In re Hollis, 301 F.Supp. 1, 3–4 (D.Conn.1969); In re Hill, BK–76–515 (D.Me.Bankruptcy Aug. 11, 1978). Cf. In re German, 285 F.2d 740, 742 (7th Cir.1961) (Uniform Title Act interpreted consistently with other Illinois recording acts to require only substantial compliance). As these decisions recognize, the perfection provisions of the Uniform Certificate of Title Act, like the provisions of the U.C.C., create a system of "notice filing" in which the document to be filed "indicates merely that the secured party who has filed may have a security interest in the collateral described. Further inquiry from the parties concerned will be necessary to disclose the complete state of affairs." Me.Rev.Stat. tit. 11, § 9–402(5), Comment 2; N.H.Rev.Stat.Ann. § 382–A:9–402(5), Comment 2. Discussing the purpose of notice filing, we have stated.

"The case law makes it abundantly clear that a financing statement is intended merely 'to put a searcher on notice that an underlying security agreement may be outstanding. A properly filed financing statement would thus serve its intended purpose if a subsequent party would have been put on notice of an outstanding security agreement.' "

This case is very similar and because of the retention of title by the plaintiff in this case, the defendant and third-parties are aware of the lease agreement.

As a result of the foregoing, the 1976 transaction was a sale and the so-called "lease", a security agreement, which was not perfected. Therefore, the debtor can avoid this agreement and the payments made after bankruptcy on account of this 1976 transaction in the amount of $6,370 were unauthorized post-petition transactions and may be recovered under 11 U.S.C. § 549. There was also a $1,964 security deposit to be applied towards the last remaining rentals due under the alleged lease. The security agreement has been avoided and all payments have been made up to the date of the bankruptcy filing. Therefore, the debtor is entitled to the return of the security deposit under 11 U.S.C. § 542.

With regards to the 1977 transaction, there was adequate notice of the security interest to any diligent searchers. Therefore, the plaintiff is entitled to the lifting of the stay with regard to the 1978 vehicle unless the debtor assumes the lease within 30 days of the date hereof and complies with 11 U.S.C. § 365 and it is so ordered.