**In re NATIONAL WELDING OF MICHIGAN, INC., Case No. NL 80–03467.**

**In re SKYLAND, INC., Debtor No. HG 82–00826.**

**Bankruptcy Nos. G82–137 CA5, G83–450 CA1.**

United States District Court, W.D. Michigan, S.D.

Jan. 23, 1986.

Geoffrey Gillis of Wheeler, Upham, Bryant & Uhl, Mark Collins, Schmidt, Howlett, Van't Hof, Snell & Vana, Timothy Curtin, Grand Rapids, Mich., for debtor.

Gordon Forell, Grand Rapids, Mich., Trustee.

Jaffe, Snider, Raitt, Garratt & Heuer, P.C. by Louis P. Rochkind, Detroit, Mich., for National Welding of Michigan, Inc.

Idema, Pawlowski, Keyser & Stanley, George Pawlowski, Grand Rapids, Mich., for Staal Leasing, Inc.

Clary, Nantz, Wood, Hoffius, Rankin & Cooper by Harold E. Nelson, Grand Rapids, Mich., for Associates Leasing, Inc.

Glassen, Rhead, McLean & Campbell by R.F. Rhead, Lansing, Mich., for Edward B. Spence, Trustee of Estate of National Welding of Michigan, Inc.

MILES, Chief Judge.

These two cases are on appeal from the bankruptcy court. Both actions involve the issue of whether a party who is named as the owner rather than as a secured party on the certificate of title to a leased motor vehicle has a perfected security interest in that motor vehicle. Because these cases involved common questions of law, in the interest of judicial economy, the Court ordered the two cases consolidated.

## Facts

The factual settings of these two appeals are fairly identical. The debtor in *In Re National Welding of Michigan, Inc.*, 17 B.R. 624 (1982), filed a petition under Chapter 11 of Title 11 of the United States Code and is a debtor in possession. Prior to this filing, the debtor entered into a number of vehicle leases with Associates Leasing, Inc. (hereinafter "Associates"). Associates filed a petition pursuant to 11 U.S.C. § 365, requesting the bankruptcy court to compel the debtor to assume or reject the leases. The debtor claimed that the leases were really intended as security interests, and that the security interests had not been perfected. In *In Re National Welding, supra*, the Court held that the lease agreements were intended as security and that, since Associates was listed as the "owner" rather than as "secured party" on the certificates of title for the vehicles, its security interest was not perfected and thus invalid as against the debtor.

In *Matter of Skyland, Inc.*, 28 B.R. 354 (1983), prior to filing for Chapter 11 the debtor entered into a similar lease agreement with Staal Leasing Inc. (hereinafter Staal). Subsequently, the case was converted into a Chapter 7 liquidation. In *Skyland*, the Court's opinion differed with the ruling in *National Welding* holding that the lessor's (Staal) interest in the vehicles was secured because the placing of Staal's name on the certificate as "owner" would place people on sufficient notice of Staal's interest in the vehicle.

## Decision

The Court in *National Welding* determined that the lendor, Associates, had not secured its interest in the vehicles loaned to the debtor. In particular the Court found that:

There has been no attempt by Associates to comply with the Michigan statute governing perfection and this Court would therefore find that perfection has not occurred.

Thus, there being no perfection, the security interest of Associates is invalid as to a trustee in bankruptcy. Mich.Comp. Laws Sec. 440.9301(3) [Mich.Stat.Ann. Sec. 19–9301(3) (Callaghan 1981)].

*National Welding* at 628. Since the case was in Chapter 11 at that time, there was no trustee, so the interest of Associates was subordinated to that of the debtor in possession. A debtor in possession has the powers of a trustee. 11 U.S.C. § 1107(a).

The perfection statute which the *National Welding* Court found that Associates did not comply with is the same statute in question in *Skyland*. In pertinent part it reads:

Compliance * * with Section 217 or 238 of Act No. 300 of the Public Acts of 1949, as amended, * * is equivalent to the filing of a financing statement under this article, and a security interest in property subject to the statute * * can be perfected only by compliance therewith. * * * Mich.Comp.Laws Ann. ¶ 440.9302 [Mich.Stat.Ann. § 19.9302 (Callaghan 1981)].

Section 217 of Act No. 300 of the Public Act of 1949, as amended, provides in part:

An owner of a vehicle subject to registration under this act shall make application to the Secretary of State for the registration of the vehicle and issuance of a certificate of title for the vehicle * * The application shall contain all of the following: ' * * (c) A statement of the applicant's title and the names and addresses of the holders of security interests in the vehicle * * ' Mich.Comp. Laws § 257.217 [Mich.Stat.Ann. § 9.1917 (Callaghan 1981)].

The *National Welding* Court cited *In Re Paige*, 3 B.R. 115 (Bky.W.D.Mich.), in support of its decision. The *Skyland* Court pointed out that *Paige* was reversed by the Sixth Circuit and that this reversal affected the scope and direction of the *National Welding* holding.

In *Paige*, 3 B.R. 115, the Sixth Circuit held that a creditor's security interest in a tractor was properly perfected under Michigan law by means of a notation on an Illinois certificate of title. Section 440.-9103(4) of the Michigan Code, U.C.C. § 9–103(4) (1962 version), was meant to promote uniform recognition of security interests which have been noted on a certificate of title. Thus, Michigan registration of the vehicle was not required even though the owner resided in Michigan and his chief place of business was here.

In a companion case, *In Re Angier*, 684 F.2d 397 (6th Cir.1982), the Sixth Circuit reached a similar conclusion as in *Paige*. According to the *National Welding* Court, the Sixth Circuit's decisions in *Paige* and *Angier* took:

a liberal approach to the recoding requirement of security interests under the Uniform Commercial Code and focuses on whether the certificate of title or a search of Michigan Department of State's records would put a potential creditor on 'notice' of prior security interests.

*National Welding* at 356.

The Court then quoted from both of those cases:

... The advantage of a literal interpretation of section 9–103(4) is that a potential creditor need look only to one place—the certificate of title—to discover prior security interests. If the debtor cannot or will not produce the title certificate the potential creditor is immediately on notice that he acts at his own risk... *In re Paige*, p. 603.

... Here, as in those cases, the notation of White Motor Credit's security interest on the Ohio Certificate of Title fulfills that purpose. A potential creditor need look to only one place—the certificate of title, regardless of issuing state—to discover this prior security interest. As this court stated in *Paige*, '[i]f the debtor cannot or will not produce the title certificate the potential creditor is immediately on notice that he acts at his own risk.' *In re Paige, supra* at 603. *In re Angier*, p. 399.

... Thus, White Motor Credit recorded its interest both in the Berrien County

Registrar of Deeds Office and on the official document filed with the Michigan Department of State. Anyone who searched those places in lieu of requesting the certificate of title would be on notice of White Motor Credit's interest. In short, White Motor Credit took all reasonable steps to notify subsequent creditors of its interest. Any subsequent creditor who made a reasonable search would have found evidence of White Motor Credit's interest. *In re Angier*, p. 400.

It is obvious that neither Staal or Associates complied with the Michigan statutes in recording their security interests. However, upon an examination of the titles or through a search with the Michigan Department of State, a potential secured creditor would have been put on notice of these interests. Other circuits that have considered this same question have come to the conclusion that the filing requirements of Article 9 of the U.C.C. are met by a certificate of title that provides adequate notice to subsequent secured creditors as opposed to invalidating a security interest for minor inaccuracies.

The First Circuit in *In re Circus Time*, 641 F.2d 39 (1st Cir.1981) decided a case with similar facts as the case at bar. That court held that when a creditor in a "lease intended as security" situation was designated as the "owner" rather than as the "secured party," the creditor did indeed have a perfected security interest in the vehicle. In that case, the First Circuit specifically noted that no prejudice would ensue to a reasonable diligent searcher. *Id.* at 43. This First Circuit case has been cited with approval in many other similar situations. See *In re Yeager Trucking*, 29 B.R. 131 (Bky.Ct.Colo.1983); *In re Coors of the Cumberland Inc.*, 19 B.R. 313 (M.D. Tenn.1982); *In re McCall*, 27 B.R. 106 (Bky.Ct.W.D.N.Y.1983); *In re Load-It, Inc.*, No. C84–435R (N.D.Ga. March 12, 1985).

 In accordance with the above cited cases and the Sixth Circuit's opinions in *Paige*, 3 B.R. 115, and *Angier*, 584 F.2d

397, this Court finds that the strict compliance doctrine does not apply to the perfection of security interests in vehicles governed by the Michigan Certificate of Title Statute (Mich.Comp.Laws Ann. § 257.217). Rather, all a secured party must do is "substantially comply" with the provisions of that Act. See Mich.Comp.Laws Ann. § 440.9402(5). The security interests in question in the *Skyland* and *National Welding* appeals were both properly perfected. The Bankruptcy Court's decision in *Skyland* is AFFIRMED. The *National Welding* case is REVERSED and REMANDED to the Bankruptcy Court for proceedings not inconsistent with this opinion.

IT IS SO ORDERED.