In re MICROBAND COMPANIES, INCORPORATED, et al., Debtors.

Bankruptcy No. 89 B 13323.

United States Bankruptcy Court, S.D. New York.

Oct. 19, 1991.

Howard Ressler, Kensington James & Ressler, New York City, for Microband Companies, Inc., et al. (Microband).

Harvey Stickton, Paul Hastings Janofsky & Walker, New York City, for Holman Lend Lease Corp. (Lend Lease).

Michael Schreiber, Berlack Israels & Liberman, New York City, for the Official Unsecured Creditors Committee (Committee).

## MEMORANDUM OF DECISION ON PERFECTION OF SECURITY INTEREST

FRANCIS G. CONRAD, Bankruptcy Judge, Sitting by Special Designation.

The matter[1] before us arises from a motion for relief from the automatic stay[2] to repossess certain motor vehicles, filed by Lend Lease, a division of National Car Rental System, Inc. At a hearing on the motion, we ruled that Lend Lease had perfected its security interest. This Memorandum of Decision memorializes our bench decision and supplements our findings of fact and conclusions of law.

Microband is a debtor-in-possession since December 22, 1989. Microband and Lend Lease entered into a Master Motor Vehicle Lease Agreement (lease agreement) on January 20, 1988. The lease agreement provided Microband, which owned and operated at the time of hearing pay-television services in New York City, Detroit, and Washington, D.C., with 182 motor vehicles. The vehicles have certificates of title issued by the Division of Motor Vehicles for New York, New Jersey, Michigan, and Maryland, respectively.

The certificates of title uniformly list Lend Lease as the owner and either Ford Motor Credit Co. or GMAC as a lienholder. Microband contends that the certificates of title misrepresent the true nature of the parties' agreement and that its ownership of the motor vehicles is undisputed.

The lease agreement states that "[i]t is expressly understood and agreed that this agreement is a lease only and that [Microband] acquires no right, title or interest in or to the property described herein except as a [l]essee."[3] The parties have stipulated on the record that, for purposes only of this motion, the lease agreement was not intended to be a true lease, but rather, a financing transaction and security agreement.

The only issue before us is whether the designation on the certificates of title listing Lend Lease as "owner" of the vehicles is sufficient to perfect Lend Lease's security interest in the vehicles. Microband's position is that Lend Lease has an unperfected security interest because it has not substantially complied with statutory requirements. Lend Lease, on the other hand, disagrees, contending that its actions were sufficient to put a reasonably diligent person on notice of its interest in the motor vehicles.

Microband cites *Wheels, Inc. v. Otasco (In re Otasco)*, 111 B.R. 976 (Bkrtcy. N.D.Okla.1990), for the proposition that there can be no perfection of a security interest when a certificate of title contains inaccurate denominations of who is an owner and who is a lienholder. In *Otasco*, the Court, strictly construing the Oklahoma Motor Vehicle Act, found that a motor vehicle leasing agreement, deemed to be a secured transaction, listing the "lessor-creditor" as owner on the certificate of title, was not sufficient to perfect a security interest in the vehicles. Microband insists that we adopt the rationale of the Oklahoma Bankruptcy Court and hold that the "commercial unreasonableness of this attempt to turn a simple forthright disclosure into a guessing game ... is not 'minor,' [but] is 'seriously misleading' and does not rise to the dignity of substantial compliance...." *Id.*, 111 B.R. at 992.

Lend Lease concedes that the certificates of title inaccurately list Lend Lease as owner instead of lienholder. Nevertheless, Lend Lease contends that the certificates of title, though inaccurate, meet the legal threshold requirement that a potential secured party be put on notice of its interest. *In re Circus Time*, 641 F.2d 39, 42 (1st Cir.1981); *In re National Welding of Michigan, Inc.*, 61 B.R. 314 (W.D.Mich. 1986). Thus, Lend Lease asserts it has perfected its security interest because the certificates of title give clear notice to third

---

1. We have jurisdiction to hear this matter under 28 U.S.C. § 1334(b) and the general reference to this Court, dated July 10, 1984 (Ward, C.J.). This is a core matter under 28 U.S.C. § 157(b)(2)(G). This Memorandum of Decision constitutes findings of fact and conclusions of law under F.R.Civ.P. Rule 52, as made applicable by Federal Rules of Bankruptcy Procedure Rule 7052.

2. Prior to our bench ruling, the parties resolved the relief from stay, adequate protection, and true lease versus financing issues by stipulation.

3. Lease Agreement, ¶ 1.

**4**

parties that it has some interest in the vehicles. *See, Load–It, Inc. v. VTCC, Inc. (In re Load–It, Inc.)*, 774 F.2d 1077 (11th Cir.1985); *Equilease Corporation v. McCall (In re McCall)*, 27 B.R. 106 (Bkrtcy.W.D.N.Y.1983).

■ A creditor seeking to perfect a security interest in a motor vehicle need not resort to the filing requirements of Article 9 of the Uniform Commercial Code. States have enacted motor vehicle acts that require certificates of title to denote ownership and security interests in motor vehicles.[4] Generally, a creditor must have its lien noted on the certificate of title to perfect a security interest in a motor vehicle. Thus, the certificate of title serves the same purpose as a financing statement under Article 9, namely, to give notice of a party's interest, but not necessarily the extent or type of interest.

■ Courts have concluded that state motor vehicle acts may be read in light of UCC § 9–402(8).[5] Therefore, "[a]bsolute compliance with the requirements of the Certificate of Title Acts is not necessary to perfect a security interest in a vehicle." *In re Circus Time, supra*, 641 F.2d at 42. Rather, substantial compliance is sufficient to perfect a security interest. A security interest is perfected when a certificate of title gives clear notice to potential creditors about the existence of a lien on the motor vehicle. See, *In re Load-It, Inc.*, supra; *In re National Welding of Michigan, Inc.*, supra; *Yeager Trucking v. Circle Leasing of Colorado Corporation (In re Yeager Trucking)*, 29 B.R. 131 (Bkrtcy.D.Colo. 1983); *Equilease Corporation v. Loague (In re Loague)*, 25 B.R. 940 (Bkrtcy. N.D.Miss.1982); *Corble Systems, Inc. v. Coors of the Cumberland, Inc. (In re Coors of the Cumberland, Inc.)*, 19 B.R. 313 (Bkrtcy.M.D.Tenn.1982).

In the seminal case in this area, the First Circuit ruled that a certificate of title containing only minor errors that are not seriously misleading, substantially complies with perfection requirements. *Circus Time, supra*, 641 F.2d at 43. Courts have stressed that perfection statutes are "intended to facilitate the identification of motor vehicles, the ascertainment of their owners and the prevention of theft or fraud in their transfer." *Id.*, at 44. Therefore, perfection requirements are satisfied when a reasonably diligent person is placed on notice that a party may have an interest in the collateral.

*Circus Time* involved lease agreements, deemed security interests, for three motor vehicles in Maine and three vehicles in New Hampshire. The certificates of title denominated the "lessor" as owner and no lienholder was listed. The Court held that, under the Maine's and New Hampshire's Uniform Motor Vehicle Certificate of Title and Anti–Theft Acts, the lessor's security interest was perfected even though the "true" owner was not denominated on the certificates of title. Further, the Court reasoned that the lessor had substantially complied with the perfection statutes because a diligent person would be put on notice regarding the lessor's security interest and, therefore, the statutory purposes were effectuated.

■ Here, perfection of an interest in the subject motor vehicles is governed by the Uniform Commercial Code and the motor vehicle acts of New York, New Jersey, Maryland, and Michigan. To determine whether Lend Lease's security interests are perfected, we must examine the relevant caselaw and statutes of each of these jurisdictions. See, *Matter of Rose Way, Inc.*, 113 B.R. 527, 529 (Bkrtcy.S.D.Iowa 1990) (a "bankruptcy court must look to the state law to determine whether [a credi-

---

4. *See, In re Farnham*, 57 B.R. 241 (Bkrtcy.D.Vt. 1986) (Containing an excellent analysis of the three prevailing schemes for using certificates of title to perfect security interests in motor vehicles; the "indication," "delivery," and "duel" schemes.). See also, note, *Secured Transactions: Certificate of Title—Delivery or Notation? The Lender's Dilemma*, 370 Okla.L.Rev. 618

(1984); 1C Coogan, Hogan, Vagts, *Secured Transactions under U.C.C. § 30A.07[6]* (1980).

5. UCC § 9–402(8) provides: "A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." (1972 version).

tor's security interest] was properly perfected."). The following discussion describes the reasoning for our bench ruling that Lend Lease's security interests are perfected in each of the relevant States.

In New York, a security interest is perfected:

> By the delivery to the commissioner of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and required fee....

N.Y.Veh. & Traf.Law § 2118(b)(1)(A). This statute does not require that a lienholder's name appear on the certificate of title. Rather, mere delivery of a proper application, to obtain a certificate of title, is sufficient to perfect a security interest. *See, In re Farnham, supra,* 57 B.R. at 241. *In re McCall, supra,* held that, in New York, perfection is achieved when adequate notice of a security interest is provided to any diligent searcher. In *McCall* a creditor perfected its security interest by "reserving the certificates of title and keeping the vehicles registered in their name [because] they certainly put third parties on notice of their interests in the said vehicles." *Id.* 27 B.R. at 107. Here, Lend Lease has clearly perfected its security interests in New York because even a less than diligent third party was put on notice of Lend Lease's interest. We are aware of *General Motors Acceptance Corporation v. Waligora,* 24 B.R. 905 (W.D.N.Y.1982), which held to the contrary. While we are not bound by precedent from the Western District of New York, we also believe the decision ignores the plain intent of New York's motor vehicle laws.

■ In Michigan, perfection of a security interest is achieved as follows:

> The owner shall immediately execute an application in the form prescribed by the department to name the holder of the security interest on the certificate of title, showing the name and address of such holder....

Mich.Comp.Laws Ann. § 257.238 (West 1990). *In re National Welding of Michigan, Inc., supra,* dealt with a creditor listed as "owner" rather than secured party

on the certificate of title of the vehicles. The Court said it was obvious the creditors did not comply with the Michigan recording statutes. Nevertheless, the Court held that the security interest was perfected because "upon an examination of the titles or through a search with the Michigan Department of State, a potential secured creditor would have been put on notice of these interests." *Id.,* 61 B.R. at 317. The facts here are similar to *National Welding.* Accordingly, Lend Lease has clearly perfected its security interest in Michigan because an examination of the certificates of title would have put a potential secured creditor on notice of Lend Lease's interest.

■ New Jersey provides for perfection by:

> The notation of the name and business or residence of a secured party or his assignee, on the certificate of origin or on the certificate of ownership, as provided in R.S. 30:10–8 and R.S. 39:10–9, and the presentation to the director, in accordance with R.S. 39:10–11, of the compliance with the requirements of subsections C. and D. of R.S. 39:10–11 shall be in lieu of all filing requirements imposed by chapter 9 of Title 12A of the New Jersey statutes and shall constitute the perfection of a security interest in a motor vehicle....

N.J.Stat.Ann. § 39:10–11(J) (West 1990). Likewise, in Maryland, a security interest is perfected by:

> ... [d]elivery to the administration of every existing certificate of title of the vehicle and an application for certificate of title on the form and containing the information about the security interest that the administrator requires.

Md.Trans.Code Ann. § 13–202(b) (Michie 1988). In New Jersey and Maryland, there is apparently no caselaw on point. However, "[o]ther circuits that have considered this same question have come to the conclusion that the filing requirements of Article 9 of the UCC are met by a certificate of title that provides adequate notice to subsequent secured creditors as opposed to invalidating a security interest for minor inaccuracies." *National Welding, supra,* 61

**6**

B.R. at 317. We see no reason to hold to the contrary. Accordingly, we hold that, in New Jersey and Maryland, a security interest is perfected and the statutory purpose is satisfied when, as in the case here, the certificates of title put third parties on notice of prior security interests.

This Court finds that the certificates of title, filed by Lend Lease, certainly provide sufficient information to satisfy the statutory purpose of providing third parties with notice of Lend Lease's interest in the vehicles. Additionally, the certificates of title would certainly lead a diligent third party in the proper direction to discover the true relationship between Lend Lease and Microband.

A searcher would have to examine the certificates of titles of the vehicles in the appropriate locations in New York, Michigan, New Jersey and Maryland. The search could begin by searching under the name of the owner but that would obviously be fruitless because Microband is not listed as owner on the certificates of title. However, this would certainly be the first indication to a diligent searcher that Microband was not the owner of the vehicles. At this point, a diligent searcher would continue the search, by indexing the vehicle identification number or the title number, to locate the certificate of title. The reasonably diligent searcher would then find the certificate of title and notice that Lend Lease is listed as "owner" and either Ford Motor Credit Company or GMAC is listed as "lienholder." This information, contained on the face of the certificate of title, would put a diligent third party on notice that there is a prior encumbrance on the vehicles and, thus, effectuate the statutory purposes. Therefore, we hold that Lend Lease has perfected its security interests in the vehicles because the essential notice requirements of the relevant perfection statutes have been satisfied.