In re Robert Fritz CHARLES, Jan Aloise Charles, Debtors.

J. Michael Morris, Trustee, Plaintiff,

v.

The CIT Group/Equipment Financing, Inc., Defendant.

Bankruptcy No. 00–13388.
Adversary No. 00–5345.

United States Bankruptcy Court,
D. Kansas.

Oct. 23, 2001.

J. Michael Morris, Klenda, Mitchell, Austerman & Zuercher, L.L.C., Wichita, KS, for Plaintiff/Trustee.

Jack C. Marvin, Morrison & Hecker, L.L.P., Wichita, KS, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JULIE A. ROBINSON, Bankruptcy Judge.

Defendant The CIT Group/Equipment Financing, Inc. ("CIT"), filed a motion for

summary judgment on Plaintiff's claim to avoid an unperfected security interest. Defendant asserts that, even if this Court were to hold that Defendant's leases were disguised security interests, the Plaintiff cannot avoid the security interests because they are properly perfected. Defendant's security interests are perfected; therefore, the Court grants Defendant's motion for summary judgment. The Court does not decide at this time whether the Defendant's interest in the vehicles is a lease or a disguised security interest.

## Standards for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."[2] An issue of fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.[3] The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact.[4] Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof."[5] The nonmoving party may not rest on its pleadings but must set forth specific facts.[6] The Court must consider the record in the light most favorable to the party opposing the motion.[7]

## Uncontroverted Facts

Based on the pleadings, affidavit and exhibits of the parties, the Court finds the following relevant facts are not controverted. On or about June 26, 1997, the debtor Robert F. Charles entered into a Master Lease Agreement with defendant The CIT Group/Equipment Financing, Inc. for four Kenworth trucks.[8] Although it is controverted whether this agreement gave the debtor a leasehold interest or an ownership interest, for the purposes of this motion, the Court assumes that the debtor acquired an ownership interest in the trucks thereby giving CIT a security interest. CIT is named as owner of each truck on the Kansas Certificates of Title. The titles were duly filed with the appropriate state agency. The debtor filed for bankruptcy on August 30, 2000. On November 28, 2000, the Plaintiff Trustee filed a Complaint to Avoid Unperfected Security Interest claiming that the Master Lease was a disguised sale and that CIT's security interest was not perfected as of the date of the bankruptcy.

## Discussion

K.S.A. § 84–9–302(3)(c) provides the sole means to perfect a security interest in

1. Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1538–39 (10th Cir. 1993).

2. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

3. *Id.*

4. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991).

5. *Applied Genetics Intern., Inc. v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990) (citing *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548).

6. *Id.*

7. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

8. The trucks were all 1998 Kenworth model T600B trucks.

a motor vehicle under Kansas law. It states that a security interest in:

> [A] vehicle ... subject to a statute of this state which requires indication on a certificate of title or a duplicate thereof of such security interest in such vehicle ... [c]an be perfected only by presentation, for the purpose of such registration or such filing or such indication, of the documents appropriate under any such statute to the public official appropriate under any such statute and tender of the required fee to or acceptance of the documents by such public official, or by the mailing or delivery by a dealer or secured party to the appropriate state agency of a notice of security interest as prescribed by K.S.A. 8–135 and amendments thereto.

The Kansas certificate of title statute, K.S.A. § 8–135(c)(2) states that "[t]he certificate of title shall contain upon the reverse side a form for assignment of title .... This assignment shall contain a statement of all liens or encumbrances on the vehicle at the time of assignment." Therefore, there are two alternative ways that a secured creditor on a motor vehicle can perfect its security interest: (1) by having its lien noted on the certificate of title which is then duly filed, or (2) by filing a "notice of security interest" ("NOSI"). CIT did not file a NOSI; therefore, it is claiming a perfected security interest by noting its interest on the certificates of title.

 Clearly CIT did not strictly comply with the language of K.S.A. §§ 84–9–302 and 8–135 because it is not noted as a lienholder on the certificates of title; it is identified as the title owner. CIT asks

this Court to adopt the "substantial compliance" standard adopted by other jurisdictions. Kansas courts have not directly addressed this issue.

In *In re Circus Time, Inc.*,[9] the First Circuit held that a secured party who was listed as the owner rather than the lienholder on the certificate of title was perfected because it substantially complied with the language of the statute. In that case, the court had already found that the leases of the defendant were disguised security interests. The debtor in possession asserted that the security interests were not perfected because the defendant was listed as owner rather than lienholder on the certificate of title. The court examined the state certificate of title statute and held that "[a]bsolute compliance with the requirements of the Certificate of Title Acts is not necessary to perfect a security interest in a vehicle."[10] The court stated that "the perfection provisions of the Uniform Certificate of Title Act, like the provisions of the U.C.C., create a system of 'notice filing.'"[11] The court also emphasized that the notation as owner substantially complied with the statute because "[u]nder these circumstances ... a reasonably diligent person would have been put on notice of [the defendant's] interest in the vans."[12]

The precise factual situation also arose in *In re National Welding of Michigan.*[13] The court stated that, although the creditors did not comply with the state statute in recording their security interests on the certificate of title as lienholder rather than owner, a potential secured creditor would have been put on notice of an interest

9. 641 F.2d 39 (1st Cir.1981).

10. *Id.* at 42.

11. *Id.*

12. *Id.* at 43.

13. 61 B.R. 314 (W.D.Mich.1986).

through an examination of the title. The court notes that:

> Other circuits that have considered this same question have come to the conclusion that the filing requirements of Article 9 of the U.C.C. are met by a certificate of title that provides adequate notice to subsequent secured creditors as opposed to invalidating a security interest for minor inaccuracies.[14]

In light of this, the court held that the "strict compliance doctrine does not apply to the perfection of security interests" and "all a secured party must do is substantially comply." [15]

The majority approach across the states is that substantial compliance is the standard for perfection of security interests under state certificate of title statutes. Leading commentators also agree with this approach:

> A related issue is the extent to which the courts should be able to soften the literal requirements of state certificate of title legislation if that softening is consistent with Article 9 .... This approach has the effect of "modernizing" the certificate of title statutes to fit better with the policies of underlying Article 9 in general. Several courts have taken this approach, in effect allowing "substantial compliance" with the certificate of title statute rather than requiring "strict compliance." These decisions seem correct.... When a motor vehicle lease is a disguised Article 9 financing, showing the name of the lessor as owner rather than lienholder on the certificate of title should be sufficient because no third party could be misled.[16]

Plaintiff argues that the Tenth Circuit's opinion in *Kerr*[17] precludes this Court from applying the "substantial compliance" standard. In *Kerr*, the secured party listed itself as a lienholder on the certificate of title, but the owner of the vehicle did not file the certificate of title. The court held that the secured party was not perfected because the secured party did not file a NOSI as permitted by amended K.S.A. § 84–9–302(3)(c). The Kansas legislature's purpose in amending K.S.A. § 84–9–302(3)(c) was to provide a means for creditors to protect themselves from owners who failed to file the certificate of title. The court held that "[w]hen the law provides a simple and inexpensive way to protect the lien the creditor should be required to use it, if the creditor desires protection against failure of the debtor to register the car in Kansas." [18]

The decision in *Kerr* is distinguishable from this case on its facts. In *Kerr*, the owner of the vehicle failed to register the certificate of title. Because the secured party did not file a NOSI, there was no registered document to give notice to other potential secured parties that the vehicle was already subject to a conflicting interest. In this case, the certificates of title to the vehicles were filed. The only deficiency was that CIT was listed as owner rather than lienholder. Unlike in *Kerr*, in this case a search of the records would show that CIT had an interest in the vehicles. Thus, no third parties were prejudiced in this case.

■ Finally, Plaintiff argues that the substantial compliance standard is con-

---

14. *Id.* at 317.

15. *Id.*

16. 1 Barkley Clark, *The Law of Secured Transactions Under the Uniform Commercial Code*, ¶ 12.03[1] at 12–14 (1993).

17. *In the Matter of Kerr*, 598 F.2d 1206 (10th Cir.1979).

18. *Id.* at 1209.

trary to the intent of Article 9 because substantial compliance focuses on actual knowledge. Plaintiff is incorrect in this assertion. The substantial compliance standard, like Article 9, requires that the filing give notice to potential secured creditors. Actual knowledge is irrelevant. Because no potential secured creditors would be prejudiced by CIT's notation on the certificates of title, the certificates substantially comply with the statute. Therefore, CIT's security interests in the vehicles are perfected.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's motion for summary judgment against Plaintiff J. Michael Morris is GRANTED.

**IT IS SO ORDERED.**